WALLACE, JUDGE:
This claim, filed by Michael H. Coen and Ruth Coen, his wife, was the result of an automobile accident which occurred at approximately 11:20 a.m. on October 17, 1973, on West Vir *120 ginia Route 2 in Wellsburg, West Virginia. The weather was clear and the temperature ranged between 45 and 55 degrees.
Route 2, from a point on the north side of Wellsburg at 27th Street southerly to 12th Street, is a dual four-lane highway consisting of a concrete medial strip between two southbound lanes and two northbound lanes.
On the day of the accident, employees of the respondent had sprayed portions of the area of Route 2 with a combination of linseed oil and mineral spirits as an anti-spalling compound for the preservation of the concrete to prevent spalling caused by salt on the highway.
The claimant, Michael H. Coen, was driving his 1970 Chevrolet Impala automobile in a southerly direction in the right or outside lane of West Virginia Route 2. At the intersection of Route 2 and 16th Street, his automobile collided with an automobile driven by Raymond A. Lengyel. Lengyel testified that he was driving his 1968 Pontiac Catalina automobile 35 to 40 miles per hour northerly on Route 2, and that, as he started to pass a tractor trailer, his automobile started to slide. He lost control, slid across the medial strip into the southbound lane of the highway, and was struck by the southbound Coen automobile. He further testified that he noticed a discoloration of the surface of the highway from the point where it changed from a two-lane to a four-lane highway, and that there were no barricades or warning signs. Lengyel, who received only minor injuries, was taken to the hospital in an ambulance with Michael H. Coen. He stated that he returned to the accident scene later and that the intersection and all lanes of the highway were slippery and discolored.
Employees of the respondent testified that on the morning of the accident, they started spraying the highway at approximately 8:00 a.m., spraying the outside or right-hand lane of the four-lane section of Route 2 south from 27th Street to 12th Street in Wellsburg and the outside or right-hand lane north to Cross Creek. The spraying was done by a Ford tractor equipped with a 200-gallon tank and a spray bar which was set six inches above the surface of the road. An automobile preceded the tractor which was followed by a pickup truck. There were no *121 flagmen, barricades, or warning signs used. The equipment had flashing lights. The tractor traveled at approximately six miles per hour. It did not stop during the spraying process but continued until the job was completed. The men applying the material had never done this type of work before except on two bridges in Brooke and Hancock Counties the day before the accident.
Certain of the claimants’ witnesses testified to the effect that all four lanes of the highway were sprayed. The respondent’s witnesses testified that only the outside lanes were treated. Various witnesses for the claimant and the respondent stated that the material applied to the highway was tracked from one lane to the other by traffic using the road. Some described the road surface as tacky, others for the claimants described it as slippery.
The testimony of expert witnesses for the claimants and the respondent pertained to the variables that affect the drying time of the anti-spalling compound. Weather, temperature, age of the road surface, speed of the spraying vehicle, quantity, and rate of application are necessary factors to be considered. Various factors affect the application of the mixture. The expert for the respondent testified that the compound should be dry in 2% hours. However, the testimony of certain witnesses for the claimants and the respondent indicated that the mixture was not dry at the time of the accident.
The claimant, Michael H. Coen, was seriously injured. He suffered severe contusions of his lung and shoulder and various injuries to his ribs, head, neck, and back. He lost 50% use of the right shoulder. The record reveals that prior to the accident he had emphysema and his breathing capacity was reduced to 44% but he was not incapacitated; he worked full time as a locomotive engineer for the Wheeling-Pittsburgh Steel Company and was able to bowl, play golf, and lead a normal life. The lung injury aggravated the emphysema, and he has been unable to work since the accident. Michael Coen is required to use oxygen continually for all but a few moments on his better days. He is in continuous pain. His inability to breathe has necessitated frequent hospitalization. According to the medical *122 testimony, the claimant, Michael H. Coen, is totally and permanently disabled, and his disabled lung, disabled shoulder, facial scarring, and continuous pain are a proximate result of the accident. His wife, the claimant, Ruth Coen, and other members of his family care for him constantly. It has been necessary to expend large sums of money for physicians, hospital, pharmacies, oxygen supplies, and other incidentals. The admitted costs incurred by reason of the injuries were: $2,922.-00 for doctors, $22,940.00 for hospital costs, $2,825.68 for pharmacy expense, $776.20 for oxygen supplies and equipment, and $143.70 for ambulance service. At the time of the accident Michael Coen was earning approximately $12,000.00 per year. Since the accident he has been unable to work.
From the evidence, it is the opinion of the Court that the negligence of the respondent was the proximate cause of the accident. Respondent failed to provide for the safety of the traveling public during and after the application of the anti-spalling compound to the highway. The surface of the highway was treated by inexperienced personnel of the respondent. There were no warning signs nor flagmen before, during, or after the job was completed. Accordingly, the Court, after considering the medical expenses and loss of wages both present and future, finds from the record that the claimants are entitled to recover, and makes an award to the claimants in the amount of $65,000.00.
Award of $65,000.00.