RULEY, JUDGE:
This claim, for damages for personal injuries and property damage, grows out of a single-vehicle accident which occurred at about 3:45 p.m. on September 21,1977, upon West Virginia Route 9 at Fishers Bridge in Morgan County. The concrete surface of Fishers Bridge is 428 feet long and 28 feet wide. Between 12:30 and 1:00 p.m. on that date, the bridge surface was sprayed by the respondent’s employees with a mixture of linseed oil and mineral spirits, which, according to the evidence, is used as a protective *379 coating to prevent salt from penetrating concrete. Small, abrasive “skid stone” then was placed upon the surface. Warning signs and flagmen were posted at each end of the bridge and directed to remain there until the bridge surface was dry. The preponderance of the evidence is that they did not.
The claimant, who then was employed by the National Park Service doing repair and maintenance work in the Paw Paw Tunnel on the B & O Canal at $7.63 per hour, left work at about 3:25 p.m., intending to drive his 1976 model Triumph TR-7 to his parents’ home in Dargan, Maryland, where he then resided. According to his own testimony and that of another National Park Service employee who was traveling in the same direction and about 300 feet behind the claimant, the claimant entered the bride at a speed of between 40 and 50 miles per hour. And, according to both, their testimony being undisputed on this point, there was no flagman or sign warning them of any hazard as they approached the birdge. The highway on both sides of the bridge is relatively straight and it was a clear, dry day. After the claimant entered the bridge, his automobile slid to the right, then to the left, and, finally, almost 180 degrees so that it left the bridge backwards. It then went off the highway and travelled down an embankment, coming to rest upside-down at a point between 100 and 125 feet from the road. An engineer, who testified for the respondent, stated that, on an ideal day, the mixture which had been used would require two to three hours to dry. Under these facts, the Court must conclude that the accident and resulting injuries and damages were caused solely by negligence on the part of the respondent. See Coen v. Department of Highways, 12 Ct.Cl. 119 (1978).
Damage to the claimant’s vehicle, a total loss, was $5,050, but he was compensated by his collision insurer for all but $250.00 of that loss. The principal injury to his person was a fracture of the talus bone in his left foot which required an open reduction and the insertion of two metal screws. Relatively minor injuries to his head and one shoulder also were sustained. His left foot and ankle remained in a cast, with intermittent changes, until January 24, 1978. He was released to return to work on July, 1978, and did so on September 1, 1978. He was 21 at the time of the accident, and, considering the serious nature of the injury to his foot and ankle, has made a good recovery. At the time of hearing, his only complaints were of occasional pain in his left ankle and foot and other relatively minor disabilities, but his attending physician, in a *380 report dated October 17, 1979, stated that, in his opinion, the claimant had a 20% pemanent impairment of function in his right ankle. There was evidence that, at some future time, the screws should be removed, and the cost of that procedure was estimated to be $775.00. It was stipulated that the medical expense in the sum of $2,296.80 had been incurred, and it appears from the evidence that the claimant’s loss of earnings attributable to his injury was approximately $8,000.00. From these facts, the Court concludes that $25,000.00 would be a suitable award.
Award of $25,000.00.